UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFTON HUNT,

    Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY,

    Defendant.
_____/

Case No. 06-12391

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
R. STEVEN WHALEN

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DE 17], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 14], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DE 16]

This Court adopted Magistrate Judge's Report and Recommendation in an Order entered in September 2007, and entered Judgment in favor of the Defendant on the same day. On January 29, 2008, this Court granted relief from that Judgment, following Plaintiff's motion for such relief. Plaintiff was ordered to file Objections to the original Report and Recommendation. He has done so, and Defendant has responded to those Objections.

The Court has now reviewed the Objections and Response thereto, the Report and Recommendation, and the administrative record. For the reasons stated below, the Report and Recommendation of the Magistrate Judge is again hereby ADOPTED and is entered as the findings and conclusions of the Court.

### ANALYSIS

Judicial review of the Secretary's decisions is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards. Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.

*Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

Plaintiff first complains that the Magistrate Judge erred in dismissing the *res judicata* effect of a prior ruling by the Commissioner. That determination, in an application for Disability Insurance Benefits ("DIB"), was that Plaintiff could perform unskilled sedentary exertion work. The decision being appealed here is that Plaintiff had a residual functional capacity for light work, with additional limitations for monocular vision, a sit/stand option, low stress environment, and simple tasks. In addition, this decision was on an application for supplemental security income ("SSI").

Acquiescence Ruling ("AR") 98-4 provides that in the absence of new and material evidence, adjudicators of a subsequent disability claim "arising under the same title of the Act as the prior claim" should adopt the finding of that prior claim. However, the claim at issue here was for Supplemental Security Income ("SSI"), and the prior claim Disability Insurance Benefits ("DIB"). These two programs arise under different titles, and therefore, *res judicata* does not apply.

Plaintiff attempts to link the decisions by asserting that the procedural history as captured in the record is inadequate: "Social Security . . . did not provide the documentation necessary for the Magistrate Judge to be able to fully follow the course of proceedings in this matter." Pl. Obj'ns, 2. He asserts that in fact, his most recent claim was for both DIB *and* SSI. Several pages of Plaintiff's brief attempts to supplement the actual procedural history associated with multiple claims and a previous appeal. *See id*. 3-6. It notes several examples of documents "[n]ot contained in the current Administrative Record." *Id*.

However, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). The evidentiary provision of the Act confirms that the burden is on the claimant. *See* § 416.912(b) ("In general, *you* have to prove to *us* that you are blind or disabled.") (emphasis added). It expressly includes as evidence "[d]ecisions by any governmental

or nongovernmental agency about whether you are disabled . . ." § 416.912(b)(5).

The documentation from adjudication of a prior claim was therefore not Defendant's responsibility to provide. In addition, while a claimant's failures may be under some circumstances be set aside if she is not represented, *see*, *e.g.*, Social Security Ruling 91-5p, POLICY INTERPRETATION RULING Titles II and XVI: Mental Incapacity and Good Cause for Missing the Deadline to Request Review 1991 WL 208067, Plaintiff here was represented in this claim from September 2001 forward. Therefore, Plaintiff's counsel was responsible for an adequate compilation of the record.

Plaintiff further complains that "the Magistrate Judge selected only that information which supported the ALJ's rationale for denying benefits to the claimant herein." In a sense, that is a restatement of the substantial evidence standard. That is, if the Magistrate Judge determined that the evidence available supported the ALJ's decision, then he found "such relevant evidence as a reasonable mind might accept as adequate" to support that decision.

In his Objections, Plaintiff recites a number of diagnoses and symptoms he says were not addressed by the ALJ or the Magistrate Judge. However, "the mere diagnosis of an impairment does not render an individual disabled nor does it reveal anything about the limitations, if any, it imposes upon an individual." *McKenzie v. Commissioner, Social Security Admin.*, 2000 WL 687680, 5 (6th Cir. May 19, 2000) (citing *Foster v. Bowen*, 853 F.2d 488, 489 (6th Cir.1988)). Plaintiff cites no evidence in the record that an increased sedimentation rate, suspected gastritis, or even poor control of his diabetes, resulted in any limitations not considered by the ALJ.

Plaintiff objects to the ALJ's disregard of his treating physician's October 2003 report on his limitations, and states that the ALJ provided no legitimate reason for doing so. This Court agrees with the Magistrate Judge that the ALJ appropriately rejected Dr. Swilley's assessment, and explained that rejection: that it was contradicted by other evidence in the record. No aspect of the record demonstrates that Plaintiff's condition worsened between a July 2002 report and the October

2003. Indeed, Swilley's own office notes for the six months before the latter report repeatedly stated that Plaintiff had "no new complaints." The ALJ was correct to disregard the October evaluation.

Plaintiff's Objection misreads the Vocational Expert's report, in yet another challenge to the ALJ's decision and the Report and Recommendation. That is, Plaintiff asserts that the VE failed to consider Plaintiff's need for a cane for balance while standing. However, the VE's report addressed jobs that had a sit/stand option, "where a chair and/or stool can be provided." Plaintiff states that the VE did not explain how a cane would not be needed if Plaintiff must stand while working. However, as the VE's report makes clear, she only consider jobs which could be performed while seated. The ALJ did not err in omitting the cane from his hypothetical question to the expert.

Finally, contrary to Plaintiff's objections, the ALJ appropriately addressed Plaintiff's monocular vision. He noted that vision in Plaintiff's left eye was good, and the Plaintiff continues to drive. He further observed that the available jobs discussed by the VE did not require viewing small objects.

Viewing the record as a whole, the Court agrees with the Magistrate's recommendation that the ALJ had substantial evidence on which to base his ruling. Accordingly, the Report and Recommendation of the Magistrate Judge is hereby ADOPTED and is entered as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED.

SO ORDERED.

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: July 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July

4

23, 2008, by electronic and/or ordinary mail.

                                 S/THERESA E. TAYLOR
                                 Case Manager